UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE M. MARTINEZ HERNANDEZ a/k/a JOSE MARTINEZ,<br><br>         Plaintiff,<br><br>v.<br><br>CASA NUEVA VIDA, INC., MANUEL DURAN a/k/a MANUEL R. DURAN a/k/a MANUEL DURAN OVIEDO, LISA MORALES, JAMES COTE, ALBA ALVAREZ, and DEVORAH PIMENTEL,<br><br>         Defendants. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Defendants, Casa Nueva Vida, Inc. ("CNV"), Lisa Morales ("Morales"), James Cote ("Cote"), Alba Alvarez ("Alvarez"), and Devorah Pimentel ("Pimentel") hereby remove Case No. 2184CV02068 (entitled *Jose M. Martinez Hernandez a/k/a/ Jose Martinez, Plaintiff, v. Casa Nueva Vida, Inc., et al., Defendants*) from the Superior Court for the County of Suffolk, Massachusetts (the "Superior Court") to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1441(a), and as grounds for its removal state as follows:

## STATEMENT OF THE CASE

1.     On or about September 9, 2021, Plaintiff Jose Martinez ("Plaintiff" or "Martinez") filed the above-captioned action in the Superior Court. Plaintiff subsequently filed an Amended Complaint as of right to add an alias for codefendant Manuel Duran.

2.     The Complaint purports to assert claims for violations of the Massachusetts Wage Act, M.G.L. c. 149 §148, as well as various related common law claims.

3.      On or about June 15, 2022, Plaintiff filed a Second Amended Complaint and Jury Demand (the "State Court Action").  The Second Amended Complaint purports to assert a cause of action against Defendants for the Failure to Pay Wages in Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207 & 215(a)(2) (Count III) and a cause of action against CNV and Morales for Retaliation in Violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) (Count VIII).  A true and correct copy of the Second Amended Complaint and Jury Demand is attached hereto as **Exhibit A**.

## REMOVAL

4.      Removal is timely under 28 U.S.C. § 1446(b) because Defendants filed this Notice of Removal within 30 days after receipt, through service or otherwise, of a copy of the Second Amended Complaint.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period runs from service of summons and complaint).

5.      Removal to this Court is proper because the United States District Court for the District of Massachusetts is the federal district in which the Superior Court is located and where the State Court Action was originally filed.  *See* 28 U.S.C. § 1441(a).

6.      CNV, Morales, Cote, Alvarez and Pimentel all consent to and join in this removal in accordance with 28 U.S.C. § 1446(b)(2)(A).  Defendant, Manuel Duran a/k/a Manuel R. Duran a/k/a Manuel Duran Oviedo ("Duran"), by and through his counsel, also consents to and joins in this removal in accordance with 28 U.S.C. §1446(b)(2)(A).

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the District of Massachusetts is the federal district in which the Superior Court is located and where the State Court Action was originally filed.

8.      As required by 28 U.S.C. § 1446(d), CNV, Morales, Cote, Alvarez and Pimentel's

counsel will promptly serve written notice of the filing of this Notice of Removal and the removal of the State Court Action on counsel for the Plaintiff, as evidenced by the attached certificate of service, and will promptly file the same with the Clerk of the Superior Court.

9.     Pursuant to 28 U.S.C. § 1446(a) and District of Massachusetts Local Rule 81.1, within 28 days of the filing of this Notice of Removal, CNV, Morales, Cote, Alvarez and Pimentel's counsel shall file certified copies of all records and proceedings in the Superior Court, as well as a certified copy of the docket and all docket entries.

10.     The removal of this action terminates all potential proceedings in the Superior Court.  *See* 28 U.S.C. § 1446(d).

## FEDERAL SUBJECT MATTER JURISDICTION EXISTS

11.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one that may be removed to this Court under 28 U.S.C. § 1441(a), because, as set forth more fully below, Plaintiff's claims are expressly based upon the federal statute, 29 U.S.C. §§ 207, 215(a)(2), and 215(a)(3) and, therefore, raise substantial federal issues central to establishing Plaintiff's claims for relief.

12.     In addition, this Court has jurisdiction over the remaining counts in the Complaint by way of supplemental jurisdiction under 28 U.S.C. § 1367, which provides, in relevant part, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."

13.     The First Circuit has explained, "[s]tate and federal claims are part of the same 'case or controversy' for the purposes of section 1367(a) if they 'derive from a common nucleus of operative fact' or 'are such that [they] . . . would ordinarily be expected to [be] tr[ied] . . . in

one judicial proceeding.'" *Allstate Interiors & Exteriors, Inc. v. Stonestreet Const.*, LLC, 730 F.3d 67, 72 (1st Cir. 2013) (quoting *Penobscot Indian Nation v. Key Bank of Me.*, 112 F.3d 538, 564 (1st Cir.1997)).  The Plaintiff's state-law claims and federal-law claims refer to and rest upon the very same allegations (namely, the alleged non-payment of wages or benefits due).

14.     Accordingly, this Court has jurisdiction over this case under 28 U.S.C. § 1337.

15.     Defendants reserve all rights, claims, and defenses relative to this action filed by Plaintiff and expressly does not waive any defense in filing this Notice of Removal, including any defenses to the Complaint that could be raised by motion under Federal Rule of Civil Procedure 12(b).  *See* Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1395 (3d ed. 2004) (quoting *Greenberg v. Giannini*, 140 F.2d 550, 553 (2d Cir. 1944) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'")).

## **CONCLUSION**

WHEREFORE, Defendants Casa Nueva Vida, Inc., Lisa Morales, James Cote, Alba Alvarez, and Devorah Pimentel respectfully request that the State Court Action be removed to the United District Court for the District of Massachusetts and that the Court enter such order as may be necessary to accomplish the requested removal.

Respectfully submitted,

**CASA NUEVA VIDA, INC., LISA MORALES,
JAMES COTE, ALBA ALVAREZ, AND
DEVORAH PIMENTEL**

By their attorneys,


*/s/ John M. Wilusz*
Michelle R. Peirce (BBO #557316)
Brian P. Mulcahy (BBO #694494)
John M. Wilusz (BBO #684950)
HINCKLEY ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109
Telephone: (617) 345-9000
mpeirce@hinckleyallen.com
bmulcahy@hinckleyallen.com
Dated: June 30, 2022              jwilusz@hinckleyallen.com

## <u>CERTIFICATE OF SERVICE</u>

I, John M. Wilusz, hereby certify that the foregoing document was filed through the ECF system on June 30, 2022, and will be sent electronically to the registered participants identified on the Notice of Electronic Filing. Additionally, I certify that on June 30, 2022, a copy of the foregoing document was sent via email to counsel of record:

> John Koury, Esquire
> jkoury@uclawgroup.com
> David Cromwell Johnson, Jr. Esquire
> cjohnson@uclawgroup.com
> Upper Charles Law Group, LLC
> 81 Hartwell Avenue, #101
> Lexington MA 02421
>
> Thomas E. Dwyer, Jr., Esquire
> tdwyer@dwyer-llc.com
> Christopher M. Hynes, Esquire
> chynes@dwyer-llc.com
> Dwyer LLC
> 10 Derne Street
> Boston, MA 02124

> */s/ John M. Wilusz*
> John M. Wilusz

62745235 v1